UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARP HEALTH PLAN, a California nonprofit public benefit corporation,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>HEALTHEDGE SOFTWARE, INC., a Delaware corporation; DOES 1 through 10, inclusive,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 19-CV-983 JLS (JLB)<br><br>**ORDER STAYING ACTION PURSUANT TO THE FIRST-TO-FILE RULE**<br><br>(ECF Nos. 11, 14, 15) |

Presently before the Court are Plaintiff Sharp Health Plan's ("Sharp") ("Pl.'s Br.," ECF No. 15) and Defendant HealthEdge Software, Inc.'s ("HealthEdge") ("Def.'s Br.," ECF No. 14) Responses to the Court's June 10, 2019 Order to Show Cause Why This Action Should Not Be Stayed, Transferred, or Dismissed Pursuant to the First-to-File Rule ("OSC," ECF No. 11). Having carefully considered the Parties' Responses, the complaints, the evidence, and the relevant law, the Court **STAYS** this action pursuant to the first-to-file rule.

## BACKGROUND

Sharp is a California nonprofit public benefit corporation that provides health care service plans and related administrative services for its members. ECF No. 1 ("Compl.")

¶ 1. HealthEdge is a Delaware corporation that develops, markets, and licenses computer software applications to health plans such as Sharp. *Id.* ¶ 2.

In 2014, Sharp and HealthEdge entered into a software as a service agreement (the "SAAS"), pursuant to which Sharp would utilize HealthEdge's software for essential administrative functions, *id.* ¶ 12, and a professional services agreement (the "PSA"), under which HealthEdge and Sharp would enter into one or more statements of work ("SOW") for the provision of professional services with regard to HealthEdge's software. *Id.* ¶ 13. Sharp and HealthEdge subsequently entered into two SOWs, with the first (the "SOW-1") to determine what would be necessary for the implementation of certain aspects of HealthEdge's software and the second (the "SOW-2") to provide professional services related to the actual implementation of portions of HealthEdge's software. *Id.* ¶ 16.

Around 2018, a dispute arose as to HealthEdge's performance under the SAAS and PSA/SOW-2. *See* Def.'s Br. at 2. Sharp sent letters to HealthEdge on July 2, 2018, and September 7, 2018, alleging that HealthEdge had breached the terms of the SAAS and the PSA/SOW-2. *See id.* at 4. As required under their agreements, the Parties mediated the dispute on April 30, 2019. *See id.*; *see also* Pl.'s Br. at 1. The mediation was unsuccessful. *See id.*

Following the mediation, HealthEdge filed a declaratory relief action against Sharp in the District of Massachusetts, *HealthEdge Software, Inc. v. Sharp Health Plan*, No. 1:19-cv-11020-ADB (D. Mass. Filed Apr. 30, 2019) (the "Massachusetts Action"). In the Massachusetts Action, HealthEdge asks the court to enter a declaration that: (1) HealthEdge did not breach the SAAS, (2) HealthEdge did not breach the SOW-2, and (3) HealthEdge did not engage in misrepresentations or act fraudulently under the SAAS and SOW-2. *See* ECF No. 15-1 ("RJN") Ex. 1 ("Mass. Compl.") ¶¶ 28–32.[1] The following

---

[1] Sharp requests that the Court take judicial notice of the complaint in the Massachusetts Action. *See* RJN. The Court may take judicial notice of such court filings and other matters of public records. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006). Accordingly, Sharp's request for judicial notice is **GRANTED**.

day, counsel for HealthEdge emailed a copy of the Massachusetts Complaint to Sharp's counsel. *See* Def.'s Br. Ex. 2 at 16. Sharp's counsel returned a Waiver of the Service of Summons on May 14, 2019. *See* Def.'s Br. Ex. 3 at 18.

On May 18, 2019, Sharp filed suit against HealthEdge in the Superior Court of California, County of San Diego. *See* ECF No. 1 Ex. A ("Compl."). Sharp alleged six causes of action for fraud pursuant to California Civil Code sections 1710(1)–(2), (3), and (4); specific performance; breach of contract; and violation of California Business and Professions Code sections 17200 through 17203. *See generally id.* HealthEdge removed to this Court on May 24, 2019. *See generally* ECF No. 1.

After HealthEdge filed a Notice of Related Cases concerning the Massachusetts Action on June 7, 2019, *see generally* ECF No. 7, the Court issued the OSC on June 10, 2019. *See generally* ECF No. 11.

**LEGAL STANDARD**

"The first-to-file rule allows a district court to stay proceedings if a similar case with substantially similar issues and parties was previously filed in another district court." *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015). It "is intended to 'serve[] the purpose of promoting efficiency well and should not be disregarded lightly.'" *Id.* (quoting *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991)). "The first-to-file rule may be applied 'when a complaint involving the same parties and issues has already been filed in another district.'" *Id.* at 1240 (quoting *Alltrade*, 946 F.2d at 625). "Thus, a court analyzes three factors: chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Id.* (citing *Alltrade*, 946 F.2d at 625).

If the case meets the requirements of the first-to-file rule, the court has the discretion to transfer, stay, or dismiss the action. *Alltrade*, 946 F.2d at 628–29. Even when the rule would otherwise apply, however, the court has the discretion to "dispense" with its application "for reasons of equity." *Id.* at 628.

///

**ANALYSIS**

HealthEdge contends that the Court should dismiss, stay, or transfer this action to the District of Massachusetts pursuant to the first-to-file rule. *See* Def.'s Br. at 1. Sharp, on the other hand, contends that the first-to-file rule should not be applied for three reasons: (1) the Massachusetts Action faces "jurisdictional uncertainties" because HealthEdge must establish that the Massachusetts court has personal jurisdiction over Sharp and the Massachusetts court has discretion not to entertain HealthEdge's declaratory relief claims, *see* Pl.'s Br. at 2–3; (2) the Court cannot determine whether there is the requisite similarity of issues because the Massachusetts Complaint is "cryptic" and its is unclear which, if any, declaratory relief claims the Massachusetts court will hear, *see id.* at 4; and (3) equitable considerations weigh against application of the first-to-file rule here because "Sharp was effectively the 'first to file' when it initiated the contractual mediation process rather than file suit." *See id.* at 4–5. Alternatively, should the Court determine that the first-to-file rule does apply, Sharp requests that the Court impose a limited "stay of this action pending resolution of the Massachusetts issues." *Id.* at 5.

The Court agrees with HealthEdge that Sharp's jurisdictional concerns regarding the Massachusetts Action must be resolved by the Honorable Allison D. Burroughs of the United States District Court for the District of Massachusetts. *See* Def.'s Br. at 5 (citing *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 96 (9th Cir. 1982) ("[N]ormally the forum non conveniens argument should be addressed to the court in the first-filed action."); *Blue Cove Corp. v. Odyssey Med., Inc.*, No. 10CV2606-IEG BGS, 2011 WL 1157866, at *3–4 (S.D. Cal. Mar. 28, 2011) (staying later-filed action pending resolution of jurisdictional issues in first-filed action)); *see also Therapy Stores, Inc. v. JGV Apparel Grp., LLC*, No. 4:16-CV-02588-YGR, 2016 WL 4492583, at *5 (N.D. Cal. Aug. 26, 2016) (staying later-filed action pending decision of personal jurisdiction issues in first-filed suit).

The Court also agrees with HealthEdge that the Court may sufficiently conclude based on the present record that the Massachusetts Action and the present action involve substantially similar issues. As the Ninth Circuit has long recognized, for purposes of the

first-to-file rule, "[t]he issues in both cases . . . need not be identical, only substantially similar. . . . To determine whether two suits involve substantially similar issues, [a court is to] look at whether there is 'substantial overlap' between the two suits." *Kohn Law Grp.*, 787 F.3d at 1240–41 (citations omitted). Here, both complaints raise issues concerning HealthEdge's alleged breach of the SAAS and PSA/SOW-2 and alleged misrepresentations made by HealthEdge to Sharp related to those contracts. *Compare* Mass. Compl., *with* ECF No. 1-1. This similarity of issues suffices to establish the requisite "substantial overlap" for purposes of the first-to-file rule. *See, e.g.*, *Awarepoint Corp. v. KMW Grp., Inc.*, No. 11-CV-2893-H (RBB), 2012 WL 13028110, at *2 (S.D. Cal. Jan. 26, 2012) (applying first-to-file rule where, "[a]t their core, both actions concern the contractual relationship between [the two parties]").

Finally, the Court concludes that, on the current record, equitable considerations do not weigh against application of the first-to-file rule here. Sharp contends that it "was effectively the 'first to file' when it initiated the contractual mediation process rather than file suit." Pl.'s Br. at 4. Sharp has cited no authority—and the Court has found none—supporting Sharp's contention that it should be treated as the first to file for initiating the contractual mediation process. On the other hand, HealthEdge has cited authority supporting its contention that the Massachusetts Action "does not constitute an anticipatory lawsuit under the first-to-file rule." *See* Def.'s Br. at 4–5 (citing *Youngevity Intl, Inc. v. Renew Life Formulas, Inc.*, 42 F. Supp. 3d 1377, 1383 (S.D. Cal. 2014); *Am. Newland Cmtys. v. Axis Specialty Ins. Co.*, No.11-cv-01217, 2011 WL 5359335 (S.D. Cal. Nov. 7, 2011); *Callaway Golf Co. v. Corp. Trade Inc.*, No.09-cv-00384, 2010 WL 743829 (S.D. Cal. Mar. 1, 2010); *Bryant v. Oxxford Express, Inc.*, 181 F. Supp. 2d 1045, 1048–49 (C.D. Cal. 2000); *Dumas v. Major League Baseball Props., Inc.*, 52 F. Supp. 2d 1183, 1193 (S.D. Cal. 1999), *vacated on other grounds* 104 F. Supp. 2d 1224 (2000)).

"Generally, a suit is anticipatory when the plaintiff files suit upon receipt of specific, concrete indications that a suit by the defendant is imminent." *Youngevity Int'l*, 42 F. Supp. 3d at 1383. Although it appears that Sharp sent letters to HealthEdge in 2018, alleging that

1  HealthEdge had breached the Parties' agreements, *see* Mass. Compl. ¶¶ 21–22, and that
2  the Parties attended a mediation on April 30, 2019, *see id.* ¶ 23, initiated by Sharp under
3  the terms of the Parties' agreements, *see* Pl.'s Br. at 4–5, neither Party here has introduced
4  any evidence that Sharp had communicated to HealthEdge that this action was "imminent."
5  *See, e.g.*, *Therapy Stores, Inc.*, 2016 WL 4492583, at *5 ("The mere fact of settlement
6  negotiations alone does not persuade the Court that the anticipatory suit exception to the
7  first-to-file rule should be applied."); *Youngevity*, 42 F. Supp. 3d at 1384 (declining to
8  conclude that first-filed suit was anticipatory where "[the plaintiff]'s demand letter never
9  provided, specific, concrete indications that it was planning to file an imminent lawsuit
10 against [the defendant]" and "[the defendant] may have filed the [first-filed] Action
11 following [the plaintiff]'s demand letter because it realized resolution of the matter outside
12 the judicial context was impossible"); *Awarepoint Corp.*, 2012 WL 13028110, at *3
13 (concluding that first-filed suit was not anticipatory and applying first-to-file rule where "it
14 appears that Defendant's filing of the [first-filed] lawsuit was in anticipation that litigation
15 may be necessary because of failed settlement discussions").

Because the relevant factors favor application of the first-to-file rule, *see* OSC at 2, and the Court concludes that none of Sharp's arguments against application of the first-to-file rule apply, *see supra* pages 3–6, the Court determines that the first-to-file rule applies. Given Sharp's anticipated challenges to personal jurisdiction in the Massachusetts Action, the limited stay advocated by Sharp is proper. *See* Pl.'s Br. at 5; *see also Therapy Stores, Inc.*, 2016 WL 4492583, at *5 (granting stay pursuant to first-to-file rule where personal jurisdiction challenge was raised in first-filed court).

23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

6

19-CV-983 JLS (JLB)

## CONCLUSION

In light of the foregoing, the Court **STAYS** this action pursuant to the first-to-file rule. The Parties **SHALL FILE** a joint status report within <u>seven (7) days</u> of Judge Burroughs' resolution of Sharp's jurisdictional challenges in the Massachusetts Action.

**IT IS SO ORDERED.**

Dated: June 24, 2019

Hon. Janis L. Sammartino
United States District Judge

7

19-CV-983 JLS (JLB)